IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL TAYLOR,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ALABAMA POWER COMPANY, and<br>IBEW LOCAL 345<br><br>　　　　Defendants. | CASE No. 23-cv-116-KD-Mu<br><br>**JURY TRIAL DEMANDED** |

# **COMPLAINT**

Plaintiff Michael Taylor, proceeding *pro se*, brings this Complaint against Alabama Power Company and the International Brotherhood of Electrical Workers ("IBEW") Local 345 and alleges as follows:

## **PARTIES**

1.　　Plaintiff Michael Taylor is a Black male residing in Mobile County, Alabama. At all times relevant to this Complaint, Plaintiff was seeking reemployment with Defendant Alabama Power Company with the assistance of Defendant IBEW Local 345 following Plaintiff's recovery from injury and disability.

2.　　Defendant Alabama Power Company is a corporation with its principal place of business located in Birmingham, Alabama. Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and other federal and state laws.

3.      Defendant IBEW Local #345 is an incorporated labor union with its principal place of business located in Mobile County, Alabama. This Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and other federal and state laws.

## JURISDICTION AND VENUE

4.      This is action seeks principally declaratory and injunctive relief, back pay, compensatory damages, and other relief to redress discrimination in employment.

5.      The Plaintiff institutes this action pursuant to Title VII of the Civil Rights Act of 1964, (42 U.S.C. § 2000(e) et seq.), as amended by the Civil Rights Act of 1991, the Americans with Disabilities Act, and 42 U.S.C. Section 1981, as amended by the Civil Rights Act of 1991, and made actionable by 42 U.S.C. Section 1983, against both defendants.

6.      This Court has federal-question jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1343.  In addition, this Court also has subject matter jurisdiction pursuant to 28 U.S.C. Sections 2201 and 2202 relating to declaratory judgments. Pursuant to 28 U.S.C. Section 1391(b), venue is proper in the United States District Court for the Southern District of Alabama, Southern Division, wherein the Plaintiff resides and where all adverse actions against the Plaintiff occurred.

## FACTUAL ALLEGATIONS

.      Plaintiff has been denied the opportunity to compete for job opportunities with Defendant Alabama Power Company despite applying for jobs through Defendant's website for jobs for which he qualified, in retaliation for his complaints against Defendant alleging discriminatory treatment because of Plaintiff's race and disability status.

8.     Plaintiff became an employee of Defendant's in 2007 and worked as a Field Service Representative prior to becoming disabled in 2014.

9.     Despite seniority rights afforded him under Defendant's collective bargaining agreement with the International Brotherhood of Electrical Workers ("IBEW") that guaranteed Plaintiff a right to return to his former position within 24 months following his disability, Defendant denied Plaintiff employment upon his application for return in 2016.

10.     Defendant later subjected Plaintiff to disparate and retaliatory treatment when it locked him out of or otherwise prevented the submission of electronic employment application from Plaintiff using Defendant's job application portal following several complaints by Plaintiff to the National Labor Relations Board regarding Defendant's refusal to abide by the union agreement guaranteeing Plaintiff's right to return to work once healthy.

11.     In 2022, Plaintiff sought the assistance of Defendant IBEW Local 345 after he was locked out of Defendant's job portal when he attempted to apply for a journeyman position with Defendant.

12.     Plaintiff reached out to several IBEW Local 345 officials including union president Keith Coleman, union vice president David Turner, and other ranking union officials for assistance in regaining employment with Defendant but none would engage with him or provide assistance

13.     Plaintiff also sought to connect with Defendant's hiring officials Jesse Lowe, Ginger Mullen, disability manager Jennifer Haynes and others regarding steps he could take to position himself for reemployment but none of them would engage with him or provide Plaintiff with the requested assistance.

3

14.     On information and belief, Plaintiff avers that neither Defendant Alabama Power Company nor Defendant IBEW Local 345 provided him assistance as the result of a conspiracy between the two entities to retaliate against Plaintiff for multiple complaints of discriminatory treatment based on his race and disability that Plaintiff has lodged against Defendants.

15.     Defendant Alabama Power Company has permitted White employees to return to their former positions following their recovery from disability.

16.     Defendant IBEW Local 345 has assisted White union members in returning to their previous positions with Defendant Alabama Power Company following their recovery from physical injury and/or disability.

17.     Defendants' actions as alleged above constitute violations of Title VII, the Americans with Disabilities Act, and 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991, made actionable by 42 U.S.C. § 1983

## COUNT ONE – VIOLATIONS OF TITLE VII – ALABAMA POWER COMPANY

18.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-17 above.

19.     Defendant Alabama Power Company's actions as alleged above constitute discrimination against Plaintiff based on his race in violation of Title VII.

20.     Defendant Alabama Power Company's actions as alleged above also constitute retaliation against Plaintiff for engaging in protected activity in violation of Title VII.

## COUNT TWO – VIOLATIONS OF TITLE VII – IBEW LOCAL #345

21.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-17 above.

22.     Defendant IBEW Local #345's actions as alleged above constitute discrimination against Plaintiff based on his race in violation of Title VII.

23.     Defendant IBEW Local #345's actions as alleged above also constitute retaliation against Plaintiff for engaging in protected activity in violation of Title VII.

## COUNT THREE – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT - ALABAMA POWER COMPANY

24.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-17 above.

25.     Defendant Alabama Power Company's actions as alleged above constitute discrimination against Plaintiff based on his disability in violation of the ADA.

26.     Defendant Alabama Power Company's actions as alleged above also constitute retaliation against Plaintiff for engaging in protected activity in violation of the ADA.

## COUNT THREE – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT – IBEW LOCAL #345

27.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1-17 above.

28.     Defendant IBEW Local #345's actions as alleged above constitute discrimination against Plaintiff based on his disability in violation of the ADA.

29.     Defendant IBEW Local #345's actions as alleged above also constitute retaliation against Plaintiff for engaging in protected activity in violation of the ADA.

## COUNT FOUR – § 1981 RACE DISCRIMINATION – IBEW LOCAL #345

30.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 17 above, as if more fully set forth herein, and further avers that the Defendant IBEW Local #345's

actions toward him violated his right to be free of racial discrimination in employment, in violation of 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991.

### COUNT FOUR – § 1981 RETALIATION – IBEW LOCAL# 345

31.    Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 17 above, as if more fully set forth herein, and further avers that the Defendant IBEW Local #345's actions toward him violated his right to be free of race-based retaliation in employment, in violation of 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991.

### COUNT FIVE – SECTION 1981 RACE DISCRIMINATION – ALABAMA POWER COMPANY

32.    Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 17 above, as if more fully set forth herein, and further avers that the Defendant Alabama Power Company's actions toward him violated his right to be free of racial discrimination in employment, in violation of 42 U.S.C. § 1981.

### COUNT SIX – SECTION 1981 RETALIATION – ALABAMA POWER COMPANY

33.    Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 17 above, as if more fully set forth herein, and further avers that the Defendant Alabama Power Company's actions toward him violated his right to be free of race motivated retaliation in employment, in violation of 42 U.S.C. § 1981.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

(a) A declaratory judgment that the Defendants have engaged in unlawful conduct as set out in each Count listed above;

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

(a) A declaratory judgment that the Defendants have engaged in unlawful conduct as set out in each Count listed above;

(b) Award Plaintiff punitive damages against the Defendants for their unlawful actions;

(c) Award Plaintiff reasonable compensatory damages in the amount of $500,000 for having to suffer the humiliation, stress, and embarrassment of this unlawful treatment; and,

(d) Award all costs and expenses in bringing this action, and such other alternate relief as the court may deem just and proper.

TRIAL BY JURY REQUESTED.

Respectfully submitted,

Michael Taylor

Michael Taylor, *pro se*

2750 S. Faure Dr
Mobile, Al 36605
251-648-3658