**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL J. TAYLOR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 1:23-00116-KD-N** |
| | ) | |
| **ALABAMA POWER CO. and** | ) | |
| **IBEW LOCAL #345,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Plaintiff, MICHAEL J. TAYLOR, who is proceeding without counsel (*pro se*) initiated this civil action on April 5, 2023, by filing with the Court a complaint alleging claims of employment discrimination and retaliation against Defendants Alabama Power Company ("Alabama Power") and the International Brotherhood of Electrical Workers, Local 345 ("Local 345"). *See* (Doc. 1); Fed. R. Civ. P. 3. On May 1, 2023, Alabama Power filed and served a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, and alternatively a motion for a more definite statement under Federal Rule of Civil Procedure 12(e) (Doc. 6). On May 18, 2023, Local 345 filed a motion to dismiss the complaint under Rule 12(b)(6) (Doc. 12), with separate supporting memorandum (Doc. 13).

On May 25, 2023, the Court ordered both Defendants to re-serve their motions on Taylor at his correct address of record after noting the same typographical error in the certificates of service for both initial motions. (*See* Doc. 14). Both Defendants promptly complied, filing corrected Rule 12 motions served on Taylor by mail at his proper address of record. (*See* Docs. 15, 16, 17 (memorandum in support).

On May 26, 2023, the Court set a briefing schedule on both corrected motions, with Taylor being ordered to "file and serve his brief(s) in response to [the corrected Rule 12] motions, if any,

by no later than **June 16, 2023**.” (Doc. 18). That briefing order was served on Taylor by mail at his address of record, and it has not been returned as undeliverable. To date, Taylor has not responded to either motion, moved for more time to do so, or filed anything further with the Court since Alabama Power filed its initial Rule 12 motion. The corrected motions (Docs. 15, 16) are now under submission and ripe for disposition.

## I. Legal Standards

In deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, in general “[t]he scope of the review must be limited to the four corners of the complaint.” St. George v. Pinellas Cty., 285 F.3d 1334, 1337 (11th Cir. 2002). The court must “accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff.” Duty Free Ams., Inc. v. Estee Lauder Companies, Inc., 797 F.3d 1248, 1262 (11th Cir. 2015).

> “To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to ‘state a claim for relief that is plausible on its face.’ ” Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In other words, the complaint must contain “factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.” Id.

Hi-Tech Pharm., Inc. v. HBS Int'l Corp., 910 F.3d 1186, 1196 (11th Cir. 2018).

As the United States Supreme Court has explained, “[u]nder Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a ‘short and plain statement of the claim showing that the pleader is entitled to relief.’ … [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked

assertions devoid of further factual enhancement." Iqbal, 556 U.S. at 677-78 (citations and some quotations omitted). See also Duty Free, 797 F.3d at 1262 (Courts " 'afford no presumption of truth to legal conclusions and recitations of the basic elements of a cause of action.' " (quoting Franklin v. Curry, 738 F.3d 1246, 1248 n. 1 (11th Cir. 2013) (per curiam))).

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 556 U.S. at 678 (citation and quotation marks omitted). Put another way, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show [n]'—'that the pleader is entitled to relief.' " Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[T]o determine what the plaintiff must plausibly allege at the outset of a lawsuit, [courts] usually ask what the plaintiff must prove in the trial at its end." Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media, 589 U.S. --, 140 S. Ct. 1009, 1014, 206 L. Ed. 2d 356 (2020).

Moreover, " 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.' " Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting Iqbal, 556 U.S at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. The Supreme Court has "suggested that courts considering motions to dismiss adopt a 'two-pronged approach' in applying these principles: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.' " Id. (quoting Iqbal, 556 U.S. at 679). "Importantly, … courts may infer from the factual allegations in

the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." Id. (quoting Iqbal, 556 U.S. at 679 (quoting Twombly, 550 U.S. at 567)).

Courts "hold the allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers[,]" and "[a]ccordingly … construe [*pro se*] pleadings liberally. Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (citations and quotation omitted).

## II. Analysis

### *a. The Complaint*

Taylor alleges the following factual support for his claims:

- Taylor is a Black male residing in Mobile County, Alabama. At all times relevant to the complaint, Taylor was seeking reemployment with Alabama Power with the assistance of Local 345 following his recovery from injury and disability. (Doc. 1 ¶ 1).
- Taylor has been denied the opportunity to compete for job opportunities with Alabama Power despite applying for jobs through its website for which he qualified, in retaliation for his complaint against Alabama Power alleging discriminatory treatment because of Taylor's race and disability status. (Id. ¶ 7 (paragraph number omitted in original).
- Taylor became an employee of Alabama Power in 2007 and worked as a Field Service Representative prior to becoming disabled in 2014. (Id. ¶ 8).
- Despite seniority rights afforded him under Alabama Power's collective bargaining agreement with the International Brotherhood of Electrical Workers that guaranteed him a

right to return to his former position within 24 months following his disability, Alabama Power denied Taylor employment upon his application for return in 2016. (Id. ¶ 9).

- Alabama Power later subjected Taylor to disparate and retaliatory treatment when it locked him out of or otherwise prevented the submission of electronic employment application portal following several complaints by Taylor to the National Labor Relations Board regarding Alabama Power's refusal to abide by the union agreement guaranteeing Taylor's right to return to work once healthy. (Id. ¶ 10).
- In 2022, Taylor sought the assistance of Local 345 after he was locked out of Alabama Power's job portal when he attempted to apply for a journeyman position. (Id. ¶ 11).
- Taylor reached out to several Local 345 officials including the union's president, its vice president, and other ranking union officials for assistance in regaining employment with Alabama Power, but none would engage with or assist him. (Id. ¶ 12).
- Taylor also sought to connect with Alabama Power's hiring officials Jesse Lowe, Ginger Mullen, disability manager Jennifer Haynes, and others regarding steps he could take to position himself for reemployment, but none of them would engage with or assist him. (Id. ¶ 13).
- The Defendants failed to assist Taylor as a result of a conspiracy between the two entities to retaliate against him for multiple complaints of discriminatory treatment based on his race and disability that Taylor has lodged against the Defendants. (Id. ¶ 14).
- Alabama Power has permitted White employees to return to their former positions following their recovery from disability, and Local 345 has assisted White union members in returning to their previous positions with Alabama Power following their recovery from physical injury and/or disability. (Id. ¶¶ 15-16).

Based on these allegations, Taylor asserts claims of race discrimination in violation of both Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981, claims of disability discrimination in violation of the Americans with Disabilities Act ("ADA"), and claims of retaliation in violation of all three laws, against both Defendants.

### *b. The Motions to Dismiss*

#### 1. Discrimination Claims

Relevant here, Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). "To state a race-discrimination claim under Title VII, a complaint need only provide enough factual matter (taken as true) to suggest intentional race discrimination." Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1246 (11th Cir. 2015) (per curiam) (quotation omitted). "[A] Title VII plaintiff who shows that discrimination was even a motivating factor in the defendant's challenged employment decision is entitled to declaratory and injunctive relief. A defendant may still invoke lack of but-for causation as an affirmative defense, but only to stave off damages and reinstatement, not liability in general." Comcast Corp., 140 S. Ct. at 1017 (citation omitted). See also Univ. of Texas Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 343, 133 S. Ct. 2517, 186 L. Ed. 2d 503 (2013) ("An employee who alleges status-based discrimination under Title VII need not show that the causal link between injury and wrong is so close that the injury would not have occurred but for the act. So-called but-for causation is not the test. It suffices instead to show that the motive to discriminate was one of the employer's motives, even if the employer also had other, lawful motives that were causative in the employer's decision.").

"Section 1981 prohibits intentional race discrimination in the making and enforcement of public and private contracts, including employment contracts." Ferrill v. Parker Grp., Inc., 168 F.3d 468, 472 (11th Cir. 1999). "Unlike a Title VII discrimination claim—where a lesser 'motivating factor' standard sometimes applies—a § 1981 claim requires proof that race was a but-for cause of a[n adverse employment action]." Ossmann v. Meredith Corp., 82 F.4th 1007, 1014 (11th Cir. 2023) (citing Comcast Corp., 140 S. Ct. at 1013, 1017).

> The ADA prohibits employers from discriminating against disabled employees. 42 U.S.C. § 12112(a). To state a discrimination claim under the ADA, a plaintiff must allege sufficient facts to plausibly suggest "(1) that he suffers from a disability, (2) that he is a qualified individual, and (3) that a 'covered entity' discriminated against him on account of his disability." Cramer v. Fla., 117 F.3d 1258, 1264 (11th Cir.1997). The ADA defines "disability" to include: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2); see also 29 C.F.R. § 1630.2(g).

Surtain, 789 F.3d at 1246.

Like § 1981, "the ADA requires the …'but for' standard of causation…" Schwarz v. City of Treasure Island, 544 F.3d 1201, 1212 n.6 (11th Cir. 2008). "Under but-for causation statutes, … we ask whether the discriminatory conduct had a 'determinative influence' on the injury." Ziyadat v. Diamondrock Hosp. Co., 3 F.4th 1291, 1297–98 (11th Cir. 2021 (quoting Sims v. MVM, Inc., 704 F.3d 1327, 1336 (11th Cir. 2013)). "This does not require [a plaintiff] to prove that race [or another protected characteristic] was the *exclusive* cause of [the adverse employment action], but it does require him to prove that but for" the protected characteristic it would not have occurred. Ossmann, 82 F.4th at 1014.

The undersigned agrees with the Defendants that the well-pleaded allegations in Taylor's complaint fail to plausibly show that any of the Defendants' alleged adverse actions were motivated by race or disability. Taylor's allegation that he suffered "discriminatory treatment

because of [his] race and disability status" is the sort of "mere[] legal conclusion[]" that is properly disregarded under Rule 8(a)(2)'s plausibility standard. Iqbal, 556 U.S. at 679. And while Taylor conclusorily alleges that the Defendants treated "White employees" and "White union members" differently than him in returning to their former positions after recovering from a disability (Doc. 1 ¶¶ 15-16), he alleges no specific facts to plausibly indicate that the disparate treatment was motivated by racial animus, as opposed to non-discriminatory factors. See Iqbal, 556 U.S. at 679 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." (alterations and quotations omitted)).

The undersigned also agrees with the Defendants that Taylor's conclusory allegations of having a "disability" are insufficient to invoke the ADA's anti-discrimination protections. For purposes of the ADA, "[t]he term 'disability' means, with respect to an individual--(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment…" 42 U.S.C. § 12102(1). Taylor has not identified what his alleged disabling impairment is, much less how it "substantially limit[ed] one or more major life activities" at the time of the alleged discriminatory acts, nor has he alleged sufficient well-pleaded facts plausibly indicating that either Defendant "regarded [him] as having such an impairment" at the time of the alleged discriminatory acts.

On these bases, Taylor's claims for race discrimination under Title VII and § 1981, and his claims for disability discrimination under the ADA, are due to be dismissed under Rule 12(b)(6).

**2. Retaliation Claims**

"Retaliation against an employee who engages in statutorily protected activity is barred under both Title VII and § 1981." Chapter 7 Tr. v. Gate Gourmet, Inc., 683 F.3d 1249, 1257–58 (11th Cir. 2012). See also 42 U.S.C. § 2000e-3(a) ("It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."). Similarly, "[t]he ADA prohibits retaliation against an individual for opposing an unlawful practice or making a charge under the ADA." Frazier-White v. Gee, 818 F.3d 1249, 1258 (11th Cir. 2016) (citing 42 U.S.C. § 12203(a)). "A plaintiff establishes a prima facie case of retaliation by showing that: (1) she engaged in statutorily protected activity; (2) she suffered a materially adverse action; and (3) there was a causal connection between the protected activity and the adverse action." Chapter 7 Tr., 683 F.3d at 1258 (quotations omitted). See also Frazier-White v. Gee, 818 F.3d at 1258 (same for ADA retaliation).

Unlike with Title VII discrimination claims, "a plaintiff making a retaliation claim under § 2000e–3(a) must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." Nassar, 570 U.S. at 362. Section 1981 and ADA retaliation claims also require a showing of such "but-for" causation. See Comcast Corp., 140 S. Ct. at 1019 (section 1981); Frazier-White v. Gee, 818 F.3d at 1258 (ADA). "The but-for standard asks whether a

particular outcome would not have happened 'but for' the purported cause. Stated another way, a plaintiff must prove that had she not complained, she would not have been fired." Yelling v. St. Vincent's Health Sys., 82 F.4th 1329, 1338 (11th Cir. 2023) (citations and quotations omitted).

The undersigned agrees with the Defendants that the well-pleaded allegations in Taylor's complaint fail to plausibly show a causal connection between any of the Defendants' alleged retaliatory actions and Taylor's protected activity. His allegations that the Defendants engaged "in retaliation for his complaints…alleging discriminatory treatment because of [his] race and disability status" (Doc. 1 ¶ 7 (unnumbered in original); see also id. ¶ 14 (alleging that there was "a conspiracy between the [Defendants] to retaliate against Plaintiff for multiple complaints of discriminatory treatment based on his race and disability that Plaintiff has lodged against Defendants")) are "merely legal conclusions" and "naked assertions devoid of further factual enhancement" that are not considered for purposes of deciding whether a complaint plausibly states a claim, Iqbal, 556 U.S. at 678-79, and he has provided no well-pleaded facts describing particular examples of protected activity he engaged in, nor any that would allow the inference that the protected activity was in some way connected to the retaliatory behavior.[1]

---

[1] A Title VII or ADA plaintiff "must generally allege in his complaint that all conditions precedent to the institution of the lawsuit have been fulfilled." Jackson v. Seaboard Coast Line R. Co., 678 F.2d 992, 1010 (11th Cir. 1982) (quotation omitted). See also Fed. R. Civ. P. 9(c) ("In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed."). Both Defendants have moved to dismiss on the ground that Taylor failed to do so. While true that the body of the complaint does not allege the fulfilling of all conditions precedent, generally or otherwise, Taylor has attached to his complaint two right-to-sue letters from the EEOC on two different charges, both dated January 10, 2023. (*See* Doc. 1-1, p.8-9). "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes[,]" Fed. R. Civ. P. 10(c), and given the liberal construction afforded to *pro se* pleadings, the undersigned finds the attachment of the two EEOC letters sufficient to generally show Taylor's satisfaction of conditions precedent to bringing his Title VII and ADA claims. Cf. Burnett v. City of Jacksonville, FL, 376 F. App'x 905, 907 (11th Cir. 2010) (per curiam) (unpublished) (affirming dismissal of Title VII complaint where the *pro se* plaintiff "did not allege that she filed a complaint

On this basis, Taylor's claims for retaliation under Title VII, § 1981, and the ADA are due to be dismissed under Rule 12(b)(6).[2]

***c. Leave to Amend***

The general rule in this circuit for *pro se* plaintiffs is that "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam), overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc) (overruling Bank's one-chance-to-amend rule as to counseled parties)). However, "where the plaintiff has indicated that he does not wish to

---

with the EEOC or that she was issued a right-to-sue letter prior to filing the instant lawsuit[, *n]or did she attach any documents to her complaint* or allege any facts to suggest that she had exhausted her remedies with the EEOC" (emphasis added)). Moreover, neither Defendant has denied "with particularity" that a condition precedent has occurred or been performed. See Fed. R. Civ. P. 9(c); Jackson, 678 F.2d at 1010.

Both Defendants have also moved to dismiss the complaint as a disfavored "shotgun pleading." See generally, e.g., Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320-23 (11th Cir. 2015) (explaining different kinds of recognized "shotgun pleadings" and why they violate the Federal Rules of Civil Procedure). While some of the complaint's elements may be "shotgun" in nature, "this is not a situation where a failure to more precisely parcel out and identify the facts relevant to each claim materially increased the burden of understanding the factual allegations underlying each count." Id. at 1324. A dismissal of a complaint as a "shotgun pleading" is only "appropriate where 'it is *virtually impossible* to know which allegations of fact are intended to support which claim(s) for relief.' " Id. at 1325 (quoting Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 367 (11th Cir. 1996) (emphasis added by Weiland panel)). The undersigned finds that Taylor's present complaint does not meet that standard.

The undersigned declines to address any other arguments raised in the present motions to dismiss.

[2] At one point, Taylor alleges that Alabama Power subjected him "to disparate and retaliatory treatment…following several complaints by [him] to the National Labor Relations Board regarding [Alabama Power]'s refusal to abide by the union agreement guaranteeing [Taylor]'s right to return to work once healthy. (Doc. 1 ¶ 10). However, making complaints to the NLRB simply for failure to abide by a union contract is not activity protected under Title VII, § 1981, or the ADA, and thus cannot be the basis for a retaliation claim under any of those laws.

amend his complaint," or "if a more carefully drafted complaint could not state a claim[,]" then "the district court need not dismiss with leave to amend[,]" and "dismissal with prejudice is proper." *Id.*

The undersigned finds that a more carefully drafted complaint by Taylor could possibly state a claim under at least one of the statutes he invokes. Moreover, while Taylor failed to respond to the present motions to dismiss, and indeed has not filed anything further with the Court since the Defendants first moved to dismiss his complaint, the undersigned declines to find from this silence alone that Taylor would not want to amend his complaint to state his claims more clearly if given the chance. Accordingly, Taylor will be given an opportunity to amend his complaint to allege enough well-pleaded factual matter plausibly stating claims for relief.[3]

## III. *Conclusion*

In accordance with the foregoing analysis, Defendants' corrected Rule 12(b)(6) motions to dismiss Taylor's initial complaint (Docs. 15, 16) are **GRANTED** and his initial complaint (Doc. 1) is **DISMISSED**, but **without prejudice** to Taylor's ability to file and serve, no later than **March 7, 2024**, a first amended complaint that plausibly states claims under Title VII, § 1981, and/or the ADA against the Defendants in accordance with the standards described above. Taylor is advised that, under the Court's local rules, "[a]ny amendment to a pleading…must reproduce the entire

[3] Many times in the "Factual Allegations" section of his complaint, Taylor simply refers to "Defendant" without making clear to which defendant he is referring. While the "Defendant" being referred to can often be discerned when viewed in context with the surrounding factual assertions, in other instances it is less clear. In amending his complaint, Taylor should always be clear about to which "Defendant" he is referring. Taylor should also correct the misnumbering of various counts. Specifically, his present complaint alleges two "Count Threes," one against Alabama Power and the other against Local 345, and two "Count Fours," one for § 1981 discrimination against Local 345 and the other for § 1981 retaliation against Local 345.

pleading as amended and may not incorporate any prior pleading by reference." S.D. Ala. CivLR 15(a).[4]

Further, Defendants' initial Rule 12(b) motions (Docs. 6, 12) are **MOOT** in light of the filing of their respective corrected versions.

**DONE** and **ORDERED** this the **8th** day of **February 2024**.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[4] Failure to timely file the first amended complaint will result in a final dismissal of this action on the merits. *See Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 719–20 (11th Cir. 2020) ("[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff seeking an extension." (citing *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1132-33 (11th Cir. 1994))).