## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

MICHAEL J. TAYLOR,          )
    Plaintiff,           )
                     )
v.                   )     CIVIL ACTION NO. 1:23-00116-KD-N
                     )
ALABAMA POWER CO.,       )
    Defendants.        )

## <u>REPORT AND RECOMMENDATION</u>

This civil action is before the Court on the motion to dismiss the first amended complaint (Doc. 21) under Federal Rule of Civil Procedure 12(b)(6) ("failure to state a claim upon which relief can be granted") filed March 20, 2024 (Doc. 24), by Defendant, Alabama Power Company ("Alabama Power").[1] The assigned District Judge has referred said motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). See S.D. Ala. GenLR 72(b); (7/26/2023 electronic reference notation).

Plaintiff, **MICHAEL J. TAYLOR**, who is proceeding without counsel (pro se) filed for an extension of time to respond to Defendant's motion to dismiss April 1, 2024, (Doc. 26). The motion was granted, with any response due no later than May 10, 2024. (Doc. 27). No response from Taylor was submitted. The motion to dismiss is ripe for disposition.

---

[1] Plaintiff's original complaint named IBEW Local #345 as a co-defendant. (Doc. 1). That complaint was dismissed without prejudice. (Doc. 20). Plaintiff filed a motion for "voluntarily dismissal," dropping IBEW Local #345, but that motion is moot as IBEW is not a named defendant in the amended complaint. (Doc. 21, Doc. 22).

## I. Legal Standards

In deciding a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, in general "[t]he scope of the review must be limited to the four corners of the complaint."[2] *St. George v. Pinellas Cty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). The court must "accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Duty Free Ams., Inc. v. Estee Lauder Companies, Inc.*, 797 F.3d 1248, 1262 (11th Cir. 2015).

> "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In other words, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

*Hi-Tech Pharm., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1196 (11th Cir. 2018).

As the United States Supreme Court has explained, "[u]nder Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' … [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than

---

2 The Eleventh Circuit Court of Appeals has held that exhaustion issues may be raised in a motion to dismiss, but the court's consideration of the arguments regarding exhaustion are not subject to the same limitations about what factual material may be considered, as apply to Rule 12(b)(6) motions. See Bryant v. Rich, 530 F.3d 1368, 1375 (11th Cir. 2008); Milner v. City of Montgomery, Ala., 2021 WL 218728 (M.D. Ala. 2021).

an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 677-78 (citations and some quotations omitted). *See also Duty Free*, 797 F.3d at 1262 (Courts "'afford no presumption of truth to legal conclusions and recitations of the basic elements of a cause of action.'" (quoting *Franklin v. Curry*, 738 F.3d 1246, 1248 n. 1 (11th Cir. 2013) (per curiam))).

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citation and quotation marks omitted). Put another way, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[T]o determine what the plaintiff must plausibly allege at the outset of a lawsuit, [courts] usually ask what the plaintiff must prove in the trial at its end." *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 589 U.S. 327, 332 (2020).

Moreover, "'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S at 678).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The Supreme Court has "suggested that courts considering motions to dismiss adopt a 'two-pronged approach' in applying these principles: (1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Importantly, … courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (quoting *Iqbal*, 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 567)).

Courts "hold the allegations of a pro se complaint to less stringent standards than formal pleadings drafted by lawyers[,]" and "[a]ccordingly … construe [pro se] pleadings liberally. Yet even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (citations and quotation omitted).

## II. Analysis

### a. Well-Pleaded Facts & the Claims Against Defendant

Taylor, a resident of Mobile County, Alabama, alleges violations of the Americans with Disabilities Act, ("ACA"), 42 U.S.C. § 12101. Taylor was employed with Alabama Power as a field service representative in 2014, when he suffered a spinal cord injury

that left him temporarily disabled. (Doc. 21 ¶ 7, PageID.110). Taylor alleges Alabama Power was contractually obligated to place him back in his position once he was able to return to work, with assistance of IBEW #345, and was an "otherwise qualified individual regarded as disabled by APCO [Alabama Power] subject to the protection afforded under [the Americans with Disabilities Act]." *Id.*

In January 2016, Taylor was informed by Alabama Power management, based on the assessment of an Alabama Power medical director, that he would not be allowed to return to work due to his required accommodations and inability to perform essential functions. (Doc. 21 ¶ 10, PageID.110). Taylor disputed the necessity of the accommodations and maintained that no restrictions prevented him from performing essential job functions. "[Alabama Power's] medical director determined that he could not climb a ladder, needed to be near a restroom at all times, and required a special motorized vehicle. None of these restrictions were essential functions of his job as a field service representative. Further, Plaintiff did not require a special vehicle and used his personal vehicle to drive to the meeting." *Id.* Taylor was "advised to return to his physician for documentation to refute these restrictions." *Id.*

Taylor underwent additional physical therapy, and in August 2016, his physician certified that he was able to perform essential functions, including the tasks previously restricted by Alabama Power's medical director. (Doc. 21 ¶ 11, PageID.111). In 2017, Taylor received an offer to "bid on other jobs," despite his former position being available. (Doc. 21 ¶ 13, PageID.111) Taylor declined these

offers, citing seniority, physical capability, and his belief Alabama Power was contractually obligated to return him to his previous position. *Id.*

In 2019, Alabama Power suspended Taylor's access to an electronic employment portal, which made Taylor "unable to apply" without direct submission to the human resources director. (Doc. 21 ¶ 14, PageID.111). In September of 2022, Taylor filed a complaint with the Equal Employment Opportunity Commission ("EEOC"); Taylor was subsequently offered his prior position without the requirement of a physical examination. (Doc. 21 ¶ 15, PageID.111). Taylor received an EEOC right to sue on January 23, 2023. (Doc. 21 ¶ 17, PageID.112).

Taylor alleges these events demonstrate discriminatory actions by Alabama Power in violation of the ADA. (Doc. 21 ¶ 16, PageID.112).

### b. Failure to Exhaust Administrative Remedies

A plaintiff pursing ADA claims must comply with procedural requirements, which include filing a timely charge of discrimination with the EEOC. *See EEOC v. Summer Classics, Inc.*, 471 F. App'x 868, 869-70 (11th Cir. 2012) ("Plaintiffs proceeding under the ADA must comply with the same procedural requirements articulated in Title VII, including the duty to exhaust administrative remedies."); 42 U.S.C. §§ 12117(a), 2000e-5.

> In order to litigate a claim for discrimination under Title VII, the ADA, or the ADEA a plaintiff must first exhaust his administrative remedies, beginning with the filing of a charge of discrimination with the EEOC. In a non-deferral state, such as Alabama, a plaintiff must file an employment discrimination charge with the EEOC within 180 days after the date of the alleged discrimination.

> Failure to file a timely charge with the EEOC results in a
> bar of the claims contained in the untimely charge.

*Rizo v. Alabama Dep't of Hum. Res.,* 228 F. App'x 832, 835 (11th Cir. 2007) (internal

citations omitted).

Given the facts alleged, for Taylor to assert any discriminatory claim under

the ADA the action needed to occur 180-days prior to the filing of the September

2022 EEOC complaint. This would place any discriminatory action on (or after)

March 5, 2022. Thus, the undersigned agrees with Defendant that the allegations

by Taylor—even if qualifying as discriminatory under the ADA—are time barred.

*See Id.* (finding EEOC claims 193 days after a firing were barred as a matter of

law); 42 U.S.C. § 2000e–5(e); 42 U.S.C. § 12117(a).[3]

Taylor's amended complaint fails to allege any intervening scenario for the

approximately three-year gap between the EEOC complaint and the prior contact

with Alabama Power. Therefore, the Court need not reach an analysis of whether

the alleged acts qualify as discrimination or constitute a violation of the ADA.

Notwithstanding the procedural deficiencies, the claim still falters on its merits.

---

3  Extraordinary circumstances may create avenues for relief; however, Taylor has failed to meet a burden demonstrating that such a remedy is warranted. *See Posey v. Hyundai Motor Mfg. Ala.*, 22 F.Supp. 3d 1264 (M.D. Ala. 2017) (citing that Plaintiff bears the burden to establish equitable tolling as a remedy); *See Moore v. City of Mobile*, 2012 WL 3263748 (S.D. Ala. 2012) (citing *Bryant v. United States Dep't of Agric.*, 967 F.2d 501, 504 (11th Cir. 1992)) "We have found no case in which the actions or inactions of the plaintiff alone have provided a basis for the application of equitable tolling to a limitations period."

### c. Substantive Defects of the ADA Claim:

An ADA plaintiff establishes a case by showing (1) they have a disability; (2) they are a qualified individual under the ADA; and (3) the employer discriminated against them "on the basis of disability." See *Beasley v. O'Reilly Auto Parts*, 69 F.4th 744, 754 (11th Cir. 2023); 42 U.S.C. § 12112(a).

Discrimination can be demonstrated if the employer failed to make a reasonable accommodation or if the plaintiff suffered disparate treatment.[4] *See Richardson v. Honda Mfg. of Ala., LLC.* (N.D. Ala. 2009) (discussing nuances between disparate treatment and a failure to accommodate).

To survive a motion to dismiss, an ADA claim for disparate treatment must contain more than speculative conclusions and must provide enough factual matter, taken as true, to plausibly suggest intentional disability discrimination. *See Iqbal*, 556 U.S. at 678-79; *Booth v. City of Roswell*, 754 F. App'x 834, 836–37 (11th Cir. 2018).

The ADA's text "require[s] a plaintiff alleging disparate treatment to prove that he was treated less favorably than a similarly situated, non-disabled person." *Sailboat Bend Sober Living, LLC v. City of Fort Lauderdale*, 46 F.4th 1268, 1275-76, 1278 (11th Cir. 2022) (concluding the phrase "discriminate against," as used in several federal antidiscrimination laws refers to differences in treatment that injure

---

4 Disparate-impact claims need not be addressed with the facts of this case. *See Raytheon Co. v. Hernandez*, 520 U.S. 44 (2003) ("Both disparate-treatment and disparate-impact claims are cognizable under the ADA[,]" with the latter coming from facially neutral practices that have a discriminatory impact on protected classes.)

protected individuals); *see also, Akridge v. Alfa Ins. Companies*, 93 F.4th 1181, 1194–95 (11th Cir. 2024).

Taylor's closest attempt to demonstrate to the Court an act of discrimination comes after being medically cleared in 2017, three years after his injury, when he was offered other positions despite a spot for a field service representative [his former title] being "open and available." (Doc. 21 ¶ 13, PageID.111). This allegation requires too many inferences and logical leaps based on incomplete and conclusory statements to constitute a satisfactory claim of ADA discrimination.

The ADA's prohibition on discrimination encompasses not only overt discriminatory acts but also the failure to provide reasonable accommodations. To establish a case of discrimination under this framework, a plaintiff must demonstrate that the defendant failed to accommodate their disability. *See Beasley,* 69 F.4th at 754 (citing 42 U.S.C. § 12112(b)(5)(A), which defines discrimination to include "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability").

In this context, plaintiffs bear "the burden of identifying an accommodation, and of demonstrating that the accommodation allows [them] to perform the job's essential functions." *Lucas v. W.W. Grainger, Inc.,* 257 F.3d 1249, 1255–56 (11th Cir. 2001) (citing, *e.g.*, *Willis v. Conopco, Inc.,* 108 F.3d 282, 283 (11th Cir.1997)).

Taylor again fails to make a case. The alleged facts never introduce any request for an accommodation. To the contrary, Taylor rebuts he ever needed an accommodation. (Doc. 21 ¶¶ 9-10, PageID.110) ("was fit for duty"; "did not require a

special vehicle"); (Doc. 21 ¶¶ 11, 13, PageID.111) ("certified that the Plaintiff was again able to perform the essential functions"; "was physically able to perform").

While Taylor's amended pleading could be liberally construed to contain piecemeal elements of the required claim, it fails to demonstrate a qualified act of discrimination with sufficient specificity to survive dismissal.

As previously stated, courts "hold the allegations of a pro se complaint to less stringent standards than formal pleadings drafted by lawyers[,]" and "[a]ccordingly … construe [pro se] pleadings liberally. Yet even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell*, 760 F.3d at 1168–69.

Therefore, it is the recommendation of the undersigned that Taylor's amended complaint be dismissed for failure to state a claim under Rule 12(b)(6).[5]

### III. Conclusion & Recommendations

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that the Defendant's motion to dismiss Taylor's complaint (Doc. 24) be **GRANTED** and that his amended complaint (Doc. 21) be **DISMISSED** with prejudice.

---

[5] It is generally established in the Eleventh Circuit a pro se plaintiff is afforded at least one opportunity to amend their complaint prior to dismissal with prejudice. In the case at bar, the Court has fulfilled this requirement.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this the 26th day of August 2024.


/s/ *Katherine P. Nelson*
KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE